UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80590-CIV-SMITH/MAYNARD

JOSEPH SMITH,

    Plaintiff,

v.

SHAUN JAMES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT MARK SOHN'S MOTION FOR BILL OF COSTS

**THIS CAUSE** is before me upon Defendant Mark Sohn's Motion for Bill of Costs ("Motion"). DE 206. Plaintiff has filed a response in opposition. DE 207.[1] No reply has been timely filed.

The Honorable Rodney Smith, United States District Judge, has referred all motions for costs in this case to me for appropriate resolution. DE 32. Having considered the parties' briefing and being otherwise fully advised, I respectfully **RECOMMEND** the Motion be **DENIED WITH PREJUDICE** for the following reasons.

## BACKGROUND

This civil rights case arises from a traffic stop of Plaintiff Joseph Smith, and his subsequent arrest by Defendants Shaun James, Mark Sohn, Andrew Berben, and Cory Henry, who are City of Boynton Beach Police Officers. DE 6. Plaintiff alleged various violations of 42 U.S.C. § 1983 and one state law claim against Defendants Sohn, James, Henry, and Berben. *Id*. The state law

---

[1] I note that Plaintiff's counsel has filed a separate motion to withdraw, which is reportedly opposed by Plaintiff. DE 203. This separate motion is not referred to me. Despite the pendency of this motion, Plaintiff's counsel filed a response to the instant Motion on behalf of her client.

1

claim was dismissed at the motion-to-dismiss stage. DE 109. Then, as a matter of summary judgment, the Court found Defendant entitled to final judgment as a matter of law on Plaintiff's claims for malicious prosecution and false arrest but denied qualified immunity for the officers as to Plaintiff's illegal search and seizure claims. DE 128. This decision was affirmed on appeal. DE 156.

Following the unsuccessful interlocutory appeal, on December 13, 2024, the case proceeded to a four-day jury trial. DE 189-195. On December 18, 2024, the jury returned a verdict, finding no liability for Defendants. DE 197. On January 6, 2025, the Court entered a final judgment in favor of Defendants, including Mark Sohn. DE 202. In its Final Judgment, the Court retained jurisdiction to determine entitlement and amount of costs. *Id*.

On December 23, 2024, Mr. Sohn filed the instant Motion seeking $6,452.00 in taxable costs as the prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1). This total amount sought is supported by an itemized Bill of Costs and attached invoices. DE 206-1. Plaintiff opposes the Motion, arguing the Motion is untimely under Local Rule 7.3(c). DE 207. Mr. Sohn did not timely file a reply.

## **DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Southern District of Florida Local Rule 7.3 is a "court order" within the meaning of Federal Rule of Civil Procedure 54 and, thus, establishes the requirements for filing a motion for attorney's fees or costs. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (concluding "that the time limit set out in Local Rule 7.3 is an 'order of the court' that governs this case). Local Rule 7.3(c) details the procedures for recovering taxable

costs and requires that "[a] bill of costs pursuant to 28 U.S.C. § 1920 **shall** be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(c) (emphasis added). "Local Rule 7.3's requirements are not optional, but mandatory." *I.T.N. Consolidators, Inc. v. N. Marine Underwriters, Ltd.*, 2016 WL 3892428, at *3 (S.D. Fla. July 13, 2016) (citing *Norych v. Admiral Ins. Co.*, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)). "A party's failure to comply with Local Rule 7.3 is a sufficient basis to deny its fees and costs motion." *Id.* (citing *Norych*, 2010 WL 2557502, at *2).

Here, final judgment was entered on January 6, 2025, making any motion for costs due 30 calendar days later, *i.e.* on February 5, 2025. However, the Motion was not filed until February 28, 2025, 23 days beyond the deadline. Mr. Sohn did not request an extension of the deadline or provide good cause for the delay. Nor did he file a reply explaining his untimely motion. Accordingly, the Motion is untimely and should be denied. *See Mejia v. Ocwen Loan Servicing, LLC*, 2016 WL 8787061 at *1 (S.D. Fla. Dec. 22, 2016), *report and recommendation adopted*, 2017 WL 1424630 (S.D. Fla. Jan. 9, 2017) (adopting recommendation to deny with prejudice motion for costs as untimely filed under local rule 7.3(c)); *Bird Rd. Shoppes, LLC v. Scottsdale Ins. Co.*, 2020 WL 2857370 (S.D. Fla. May 12, 2020), *report and recommendation adopted*, 2020 WL 2850585 at *2-3 (S.D. Fla. June 1, 2020) (adopting recommended denial of motion for costs under local rule 7.3(c) when motion was filed more than thirty days after the court entered final judgment); *Hodge v. McNeil*, 202 WL 663175, at *2 (S.D. Fla. Feb. 28, 2012) (denying motion for taxable costs for failure to comply with the timing requirements of Local Rule 7.3(c)); *Cortez v. F.CI Sec.*, 2012 WL 414578 (S.D. Fla. Feb. 8, 2012) (denying fees and

costs motion as untimely); *Allen-Johnson v. Miami-Dade Cnty.*, 2012 WL 160070 (S.D. Fla. Jan. 18, 2012) (denying the County's motion for costs as untimely under Local Rule 7.3(c)).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that Mark Sohn's Motion for Bill of Costs, DE 206, be **DENIED WITH PREJUDICE** for failure to comply with the timing requirements of Southern District of Florida Local Rule 7.3(c).

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodney Smith. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 25th day of April, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE